**Mary Louise Richardson DOZIER,
Plaintiff–Appellant,**

v.

**Cherlene VICKERS, Clerk, Douglas Va-
leska, Prosecutor, Lawton Armstrong,
Mark Jones, Police, State of Alabama,
et al., Defendants–Appellees.**

**No. 12–14844
Non–Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

Aug. 20, 2013.

Mary Louise Richardson Dozier, Abbe-
ville, AL, pro se.

Luther J. Strange, III, Attorney Gener-
al's Office, Montgomery, AL, for Defen-
dants–Appellees.

Before TJOFLAT, ANDERSON and
WILSON, Circuit Judges.

PER CURIAM:

Mary Dozier was arrested in Alabama
on July 16, 1987, for possession of cocaine
and was sentenced to a term of probation
on April 29, 1988. While on probation, she
was arrested for selling crack cocaine to an
undercover officer, and her probation was
revoked on October 28, 1988. She was
sentenced to a two-year term of imprison-
ment. After her release, she was convict-
ed on two counts of unlawful distribution
of a controlled substance and was sen-
tenced as a habitual offender to a sixty-
year prison term in November 1992.

On June 18, 2012, Dozier, proceeding
pro-se, brought this 42 U.S.C. § 1983 ac-
tion for damages. She alleged that she
was arrested, prosecuted, and sentenced
for those controlled substance offenses in
violation of the First, Fourth, Fifth,
Eighth, and Fourteenth Amendments to
the United States Constitution. The de-
fendants consist of the police officers who
arrested her, the attorney who prosecuted
her, and the clerk of the court. The Dis-
trict Court *sua sponte* dismissed her com-
plaint for failure to state a claim upon
which relief may be granted pursuant to 28
U.S.C. § 1915(e)(2)(B)(ii). She now ap-
peals.

On appeal, Dozier raises two issues. First, she argues that her claim is not barred by *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), because she claims her convictions were invalidated when the Alabama state court remitted in 2008 the fines imposed as part of the sentence she received. Second, she argues that her claim is not barred by the statute of limitations because she claims her action should have been measured against Alabama's six-year statute of limitations for false imprisonment.

Upon a *de novo* review of the record and consideration of the parties' briefs, we affirm.

## I.

A court "shall dismiss" a case filed *in forma pauperis* if the court determines that the complaint "fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). However, "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir.1998). We review *de novo* the district court's *sua sponte* dismissal for failure to state a claim, viewing the allegations in the complaint as true. *Hughes v. Lott*, 350 F.3d 1157, 1159–60 (11th Cir.2003).

Under *Heck v. Humphrey*, if a judgment in favor of the plaintiff on a § 1983 complaint for money damages "would necessarily imply the invalidity of [the] conviction or sentence," the district court must dismiss the complaint unless the plaintiff can "demonstrate that the conviction or sentence has already been invalidated" by "prov[ing] that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question

by a federal court's issuance of a writ of habeas corpus." 512 U.S. at 486–87, 114 S.Ct. at 2372.

If successful, Dozier's claim for damages under § 1983 "would necessarily imply the invalidity of [her] conviction." *Heck*, 512 U.S. at 487, 114 S.Ct. at 2372. Thus, to proceed on her claim, Dozier must first show that her conviction has been reversed, expunged, invalidated, or called into question by issuance of a writ of habeas corpus. *Id.* She has failed to do so.

Though Dozier cites one case, *Chisholm v. State*, 42 Ala. 527, 528 (1868), in which the Alabama Supreme Court found that remittance of a fine pursuant to the Governor's pardon power under the Alabama Constitution "destroyed the vitality of the judgment, except as to costs," the more recent cases and statutory law of Alabama strongly suggest that the remittance of fines does not in all circumstances constitute such an invalidation. In *Thomas v. State*, the Court of Criminal Appeals of Alabama considered appellant's argument that remittance of the costs and fine associated with a menacing conviction invalidated that conviction. *Thomas v. State*, 666 So.2d 849, 853 (Ala.Crim.App.1993), *rev'd on other grounds sub nom. Ex parte Thomas*, 666 So.2d 855 (Ala.1995). It held that appellant still had a valid conviction for menacing, because "[r]egardless of whether the costs and fine were remitted in the misdemeanor conviction, the docket sheet for that offense clearly shows that the district court adjudged the appellant guilty [of] menacing." *Id.* The Alabama Rules of Criminal Procedure, moreover, provide for an inquiry into a defendant's inability to pay a fine due to indigency and give Alabama courts the option of "releas[ing] the defendant from obligation to pay the fine." Ala. R.Crim. P. 26.11(g) and (h)(5).

Dozier's claim that her conviction was invalidated in 2008 when her fines were remitted is without merit. Based on the information in the Case Action Summary that Dozier attached to her complaint, her fines were remitted not because her conviction was invalid, but because indigency and substantial hardship rendered her incapable of paying them. As in *Thomas*, "[r]egardless of whether the costs and fine were remitted" in her conviction, she was still judged guilty and convicted for the offenses in question. *Thomas*, 666 So.2d at 853. Thus, because she has failed to show that her conviction was invalidated, we conclude that the district court did not err in finding her claim barred by *Heck*, and affirm.

## II.

Because Dozier's complaint is barred by *Heck*, we need not reach the statute of limitations issue.

**AFFIRMED.**